## WILLIAM WALLACE
## v.
## CHARLES V. LODGE.

ATTACHMENT—TRAVERSE OF AFFIDAVIT—EVIDENCE OF INTENTION.— The cause stated in the affidavit for attachment was that the defendant was a non-resident. Upon a traverse of this allegation defendant offered in evidence the depositions of witnesses who deposed as to statements made by him at about the time of his departure for Minnesota, expressive of his intention to return to this state after the completion of his business there. *Held,* that the testimony was competent and should have been admitted.

ERROR to the Circuit Court of Edgar county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed January 13, 1880.

Messrs. MANN, CALHOUN & FRAZIER, for plaintiff in error; that the evidence was competent, cited Drake on Attachment, § 54; Pitts v. Burroughs, 6 Ala. 733; Harris v. Taylor, 13 Ala. 324; Oliver v. Wilson, 29 Ga. 642; Burgess v. Clark, 3 Ind. 250; Jarvais v. Moe, 38 Wis. 448; Wilkins v. Marshall, 80 Ill. 74; Thompson on Homestead, § 269.

Messrs. SELLAR & DOLE and Mr. JOSEPH E. DYAS, for defendant in error.

DAVIS, P. J.   This is an agreed case certified to this court by the parties and the clerk of the Circuit Court of Edgar county under the provisions of Sec. 75 of the Practice Act. Session Laws of 1877, page 150.

The action was assumpsit and an attachment was issued therein and levied upon real estate of plaintiff in error.

The cause assigned in the affidavit for issuing the attachment was that the defendant was a non-resident of the State of Illinois. The defendant below appeared and plead in abatement to the writ denying that at the time of the issuance of the writ he was a non-resident of the State.

On the trial the plaintiff below proved that at the time the writ was issued, which was on the 20th of August, 1878, the defendant was in Minnesota and had been there since he left Chicago in April, 1878, and to sustain the allegation of his affidavit, he testified that defendant told him before he left Chicago, that he was going to Minnesota to reside permanently. A witness also testified for plaintiff that a few days before the suit was commenced, he saw defendant in Minneapolis, who then told him that he intended residing in Minnesota and had come there to reside and never intended to return to Illinois to live.

The defendant below, to prove the issue raised by his plea, testified that he did not have the conversation testified to by plaintiff and his witness; that he went to Minnesota with no intention of residing there, but upon business; that he was a single man and always intended to return to Chicago, and did return there a short time after this suit was commenced, and has resided there ever since.

Defendant below then offered to read in evidence, the deposition of George A. Fish, who deposed substantially that about the time Wallace left Chicago, he told him he was going away that afternoon or the next day, to St. Paul, or in Minnesota, to collect money that was due him. That the money was due and he did not expect to have much trouble, and that he would not be gone a great while. Also the deposition of Raphael Beer, who deposed that in the latter part of March or beginning of April, a few days before Wallace left, he had a conversation

Wallace v. Lodge.

with him, in which Wallace told him that he was going to make a trip to Minnesota where he was acquainted with millers, and the witness who was in the flouring business suggested he would introduce him to the firm of Gardner, Stone & Co., for the purpose of establishing some business relations, and after the introduction witness thinks Wallace suggested that on his return he would make permanent arrangements with the firm either by a stipulated salary or a certain commission, on all the consignments received here through his instrumentality.   And also the deposition of Emil Solomon, who testified that in the latter part of April, 1878, he had a conversion with Wallace, who told him he would start for St. Paul to arrange some business matters of which he had previously spoken, about a certain draft of $1,000 which was withheld, and also to make arrangements with regard to shipments of flour to this market, and that he might be gone two weeks or a month.

To the reading of the depositions the plaintiff below objected, on the ground that such evidence was incompetent, and the court sustaining the objection excluded the testimony from the jury.   Whereupon a verdict was rendered for the plaintiff below, and on overruling a motion for a new trial, the court gave judgment against the defendant.

The only question certified to us as arising in this cause, is as to the competency and admissibility of the testimony offered by the defendant below and excluded by the court, and the action of the court in refusing to grant a new trial because of the refusal to permit such testimony to be read to the jury.

The testimony offered consisted of declarations made by the defendant below, at or about the time of his leaving Chicago, to go to Minnesota, to show with what intention he left this state.

A party who has acquired a residence in this state, does not lose that residence by going to another state, unless he leaves with the intention of acquiring a residence elsewhere, or forms that intention after leaving.

In this case, therefore, it becomes important for the defendant below to show what were his intentions in leaving Chicago

to go to Minnesota, and the declarations of a party made at or about the time of leaving, are held admissible in evidence. Greenleaf, in his work on Evidence, Vol. 1, Sec. 108, lays down the rule that the declarations of a party made at the time of a change of residence or domicile, or upon a journey, or where he leaves his home, or returns thither, or remains abroad, or secretes himself, or, in fine, does any other act material to be understood, such declarations, made at the time of the transaction, and expressive of its character, motive or object, are regarded as verbal acts indicating a present purpose and intention, and are therefore admitted in proof, like any other material facts.

We think, under this rule, the depositions offered by the defendant below should have been permitted to be read to the jury, and, on account of their exclusion, the court should have granted a new trial. Not having done so, the judgment must be reversed and the cause remanded.

Judgment reversed.