**James T. BAILEY, Jr., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE and Kenneth L. Miller, Commissioner, Respondents.**

No. 49S10–9503–TA–332.

Supreme Court of Indiana.

Dec. 27, 1995.

---

Bell T. Choate, Indianapolis, for petitioner.

Pamela Carter, Attorney General, David A. Arthur, Deputy Attorney General, Indianapolis, for respondents.

### ON PETITION FOR REVIEW

SHEPARD, Chief Justice.

A man peddling nearly ten pounds of marijuana was arrested and the Indiana Controlled Substance Excise Tax (CSET) was assessed against him. He now claims the tax violated his right against double jeopardy. We agree that the CSET is a jeopardy within the meaning of the Double Jeopardy Clause, but conclude that it was not his *second* jeopardy in violation of the Fifth Amendment.

Police arrested appellee James T. Bailey, Jr. in July 1992 after he sold a 9.8 pound brick of marijuana to an undercover officer. Two days later, Indiana Department of State Revenue assessed the CSET against him. Ind.Code Ann. ch. 6–7–3 (West Supp.1994). Because Bailey had not paid the tax when he first possessed the drug, the Department also assessed a 100 percent penalty for nonpayment. Ind.Code Ann. § 6–7–3–11 (West Supp.1994). When combined with administrative costs, Bailey's drug tax liability totalled $374,223. Interest immediately began to accrue at the rate of $39.06 per day.

In January 1993, Bailey pled guilty to dealing in marijuana greater than thirty grams, a class D felony. One month later, Bailey appealed his CSET assessment to the Indiana Tax Court, contending he was not subject to Indiana's drug tax because he did not own the drugs he distributed. Bailey later amended his petition to add allegations that the CSET assessment was a second jeopardy for the same offense in violation of the Double Jeopardy Clause of the U.S. Constitution.[1]

---

1. In his appeal to the Indiana Tax Court, Bailey initially raised only his ownership claim. He later filed his "Motion to Dismiss," which the Tax Court treated as a motion to amend, claiming that he was not subject to the CSET because "the effective date of the statute did not allow sufficient time for" him to pay the tax, it violated his double jeopardy right, it was overbroad and vague, and it violated his due process and equal protection rights. The court consolidated these issues by considering whether the CSET violated the Double Jeopardy Clause of the U.S. Constitution. *Bailey*, 641 N.E.2d at 697–98 & n. 1.

The Tax Court rejected Bailey's initial claim, concluding that delivery, possession, and manufacture of controlled substances, rather than ownership, are the events which trigger the CSET.[2] *Bailey v. Indiana Dep't of State Revenue* (1994), Ind. Tax, 641 N.E.2d 695. Neither party sought review of this determination.

The court did, however, find in favor of Bailey on his second claim when it concluded that the CSET assessment was violated the Double Jeopardy Clause because it was Bailey's second jeopardy for the same offense. *Bailey*, 641 N.E.2d at 697–98. On that ground, the court set aside Bailey's CSET liability.

The Department petitioned this Court for review of the double jeopardy issue, and we granted the petition. We now consider whether Bailey's CSET assessment was the second jeopardy imposed against him in violation of the Double Jeopardy Clause.

Our decision today in *Bryant v. State* (1995), Ind., 660 N.E.2d 290, resolves the primary issue that is here on review: the CSET is a jeopardy for double jeopardy purposes. We reached this conclusion by applying the U.S. Supreme Court's recent analysis of a similar drug tax, *Montana Dep't of Revenue v. Kurth Ranch*, — U.S. —, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). We concluded in *Bryant* that this jeopardy attaches at the moment of assessment.

On July 10, 1992, the Department assessed the CSET against Bailey for possessing marijuana without having paid the tax. Bailey was convicted of dealing marijuana on January 19, 1993. Because he was subject to both the CSET and a criminal sanction for the same offense in two separate proceedings, Bailey's double jeopardy rights were violated.[3] The CSET assessment was Bailey's *first* jeopardy, however, and it is not barred by the Double Jeopardy Clause.

We therefore reverse the Tax Court and reinstate the assessment of the tax, penalties, and costs against Bailey.

DICKSON and SELBY, JJ., concur.

DeBRULER, J., concurs in result.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Justice, dissenting.

As explained in *part II* of my dissent today in *Bryant v. State* (1995), Ind., 660 N.E.2d 290 (Sullivan, J., dissenting), I believe the majority errs in holding that an administrative assessment of a tax can constitute a first punishment for double jeopardy purposes.[4] As such, I believe that James Bailey's criminal conviction is not contrary to the Double Jeopardy Clause. However, payment of the CSET assessed would constitute a second punishment of Bailey and would therefore be barred by *Department of Revenue of Montana v. Kurth Ranch*, — U.S. —, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) (tax on the possession of illegal drugs assessed after the state has imposed a criminal penalty for the same conduct violated Double Jeopardy Clause).

---

**2.** Section 6–7–3–5 dictates that ownership is not the triggering event when it provides that "[t]he controlled substance excise tax is imposed on controlled substances that are: (1) delivered; (2) possessed; or (3) manufactured; in Indiana in violation of IC 35–48–4 or 21 U.S.C. 841 through 21 U.S.C. 852...."

**3.** The status of Bailey's second jeopardy, his criminal conviction, is not before us and cannot be subject to a disposition in this appeal.

**4.** If we were to proceed under the alternative approach I describe in *part III* of my *Bryant* dissent, I would remand to the Tax Court for determination of when jeopardy attached, *i.e.,* when evidence was first presented to a trier of fact in Bailey's contest of the assessment. If that occurred prior to jeopardy attaching in Bailey's criminal prosecution, then the result would be the same as the majority reaches here.