**Dante ADAMS, Petitioner,**

v.

**DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–9904–TA–00024.

Tax Court of Indiana.

June 5, 2000.

See also, 726 N.E.2d 390.

---

Robert W. Hammerle, Joseph M. Cleary, Hammerle Foster Allen & Long–Sharp, Indianapolis, IN, Attorneys for Petitioners.

Karen M. Freeman–Wilson, Attorney General of Indiana, David A. Arthur, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

The petitioner, Dante Adams (Adams), challenges the Department of State Revenue's (Department) finding that Adams owes controlled substance excise tax (CSET) in the amount of $159,096.00. Adams raises several issues for this Court's review; however, because one of the issues is dispositive, the Court addresses only that issue: whether the exclusionary rule of evidence applies to this proceeding, thereby making the CSET assessment invalid.

## FACTS and PROCEDURAL HISTORY

The facts of this case are undisputed. On March 23, 1998, the Department issued a Jeopardy Tax Assessment,[1] which includes interest and a penalty, against Adams totaling nearly $160,000. An agent for the Department who, in this instance, acted as a criminal investigator with the Department prepared and issued the assessment notice. (Joint Ex. A.) The assessment was based upon cocaine possessed by Adams discovered in a safe deposit box on or about August 8, 1997. (Pet'r Br. at 2.) Prior to this assessment, on August 13, 1997, Adams was charged in Marion County Superior Court, Criminal Division, with Dealing in Cocaine, a class A felony,[2] as well as for Possession of Cocaine, which is a class C felony.[3]

1. *See* IND.CODE ANN. § 6–7–3–13 (West 2000).

2. *See* IND CODE ANN. § 35–48–4–1(b) (West 1998).

3. *See* IND.CODE ANN. § 35–48–4–1(b)(1) (West 1998 & Supp.1999).

In that criminal case, Adams, arguing that the search was unconstitutional, filed a motion to suppress evidence. On March 16, 1998, the Honorable Judge Magnus–Stinson ruled that the State had violated Adams' rights under both the state and federal constitutions when it seized the cocaine. (Joint Ex. 6.) Judge Magnus–Stinson also found that the affiant for the search warrant misrepresented facts and did not act in good faith. (*Id.*) As such, the trial court found that the search and seizure of the cocaine discovered in Adams' safe-deposit box was unconstitutional. On March 24, 1998, one day *after* the Jeopardy Tax Assessment was prepared, the State moved to dismiss the criminal charges against Adams as a result of the ruling to suppress the evidence. That same day, the lower court granted the motion. On March 26, 1998, the Marion County Prosecutor sent written notification to the Department that all attempts to criminally prosecute Adams with respect to the cocaine in question would no longer take place due to the unconstitutionality of the search and seizure of the cocaine. This occurred *three days after* the jeopardy tax assessment was prepared against Adams.[4] The assessment was served upon Adams by mail on March 31, 1998.

On April 9, 1998, Adams timely filed a protest letter with the Department contesting the CSET. On April 13, 1998, agents from the Department and the Marion County Sheriff's civil office executed a tax warrant on Adams' apartment. Adams' personal belongings were seized and subsequently sold.[5]

A hearing was held on July 14, 1998. On October 9, 1998, the Department issued its letter of findings, which denied Adams' protest. Unsatisfied with the Department's findings, Adams filed this original tax appeal. On October 25, 1999, this

Court held a trial in this matter. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This court reviews final determinations of the Department de novo and is bound neither by the evidence nor the issues raised at the administrative level. *See* IND.CODE ANN. § 6–8.1–5–1(h) (West 2000); *see also Hurst v. Department of State Revenue,* 721 N.E.2d 370, 372 (Ind. Tax Ct.1999); *Tri States Double Cola Bottling Co. v. Dep't of State Revenue,* 706 N.E.2d 282, 283 (Ind. Tax Ct.1999).

### Discussion

*Application of the Exclusionary Rule to CSET Cases*

Adams argues that because the CSET is quasi-criminal in nature, "those that are subjected to it must receive the full panoply of state and federal constitutional rights afforded those facing criminal prosecution." (Pet'r Br. at 4.) Conversely, the Department argues that the Fourth Amendment does not apply and should not be extended to CSET cases.

■ Recently, in *Hurst v. Department of State Revenue,* 721 N.E.2d 370, 373 (Ind, Tax Ct.1999), this Court articulated that the CSET is imposed by statute on the illegal possession of specific categorized controlled substances. IND.CODE ANN. § 6–7–3–5 (West 2000) reads:

The controlled substance excise tax is imposed on controlled substances that are:

(1) delivered;

(2) possessed; or

(3) manufactured;

in Indiana in violation of IC 35–48–4 or 21 U.S.C. 841 through 21 U.S.C.

---

4. The Jeopardy Tax Assessment included a 100% penalty.

5. According to the Department, approximately $28,300.01 was collected from Adams, which was applied against the tax liability. (Resp't Br. at 3 & Joint Ex. 17.)

852. The tax does not apply to a controlled substance that is distributed, manufactured, or dispensed by a person registered under IC 35–48–3.

Thus, as is made clear by the controlling statute, to be liable [6] a taxpayer is required to manufacture, possess, or deliver a controlled substance.[7] In the case at bar, the Department argues that Adams was in possession of 1988.7 grams of cocaine. (Joint Ex. 7.)

The Indiana Court of Appeals dealt with the same individual, same search and same cocaine in *Adams v. State*, 726 N.E.2d 390 (Ind.Ct.App.2000), *petition for reh'g denied* June 1, 2000. In that case, Adams, as a criminal defendant, was charged with possession of and dealing in cocaine. The cocaine with which Adams was charged with possession and dealing was discovered in Adams' house via a tax warrant that was issued as a result of the CSET assessment that was based on the cocaine discovered in Adams' safe deposit box, which was suppressed on March 16, 1998.

 After being criminally charged for possession and dealing of cocaine, Adams filed a Motion to Suppress arguing that the cocaine found in his house on April 13, 1998, was fruit of the poisonous tree. The trial court denied that Motion and Adams filed an interlocutory appeal, which was granted. The Court of Appeals reversed the decision of the lower court

and held that "Fourth Amendment protections, *specifically*, the exclusionary rule apply to the CSET when a tax warrant has been based on *judicially determined illegally seized evidence*." *Id.* at 395 (emphasis added); *see also Germaine v. State*, 718 N.E.2d 1125, 1130 (Ind.Ct.App.1999) (stating that the Fourth Amendment is to safeguard the privacy and security of individuals against governmental officials and that a warrant is required during civil as well as criminal investigations). The Court of Appeals also disqualified the seizure of the cocaine found in his house based on the fruit of the poisonous tree doctrine.[8] This Court agrees with the Court of Appeals' decision that extends the exclusionary rule [9] to Indiana's CSET when it is clearly based on judicially determined illegally seized evidence. The seizure of the cocaine for which the Department based its CSET was suppressed and is not subject to the CSET. *But for* the illegal conduct, the cocaine would not have been discovered and not subject to the CSET. *See Adams*, 726 N.E.2d at 393. Because the parties presented similar arguments in the case before the Court of Appeals, this Court believes it to be unnecessary to rehash the same arguments. The Court adopts and incorporates the analysis of the Court of Appeals in *Adams v. State*.

## CONCLUSION

Based on the foregoing, this Court REVERSES the Department's assessment

---

6. Again, as was stated in *Hurst, ownership* of a controlled substance is not a triggering event for purposes of assessing CSET. *See Hurst*, 721 N.E.2d at 373 n. 11; *see also Bailey v. Department of State Revenue*, 660 N.E.2d 322, 324 (Ind.1995). Instead, the triggering events are the manufacturing, possession, or delivery of a controlled substance. *See Bailey*, 660 N.E.2d at 324.

7. *See* IND.CODE § 35–48–1–9 (1998) for definitions and guidance to the various classifications of controlled substances.

8. The fruit of the poisonous tree doctrine refers to evidence that is spawned by or directly

derived from an illegal search. It is generally inadmissible because of its original taint, though knowledge of facts gained independently of the original and tainted search is admissible. *See* BLACK' s LAW DICTIONARY 462 (abr. 6th ed.1991).

9. The exclusionary rule commands that where evidence has been obtained in violation of the search and seizure protections guaranteed by the Fourth Amendment, the illegally obtained evidence cannot be used at the trial of the defendant. *See* BLACK' s LAW DICTIONARY 391 (abr. 6th ed.1991).

determination in the letter of findings that Adams owes CSET in the amount stated above. As such, the Court ORDERS the Department to immediately refund to Adams such amounts, plus interest received, as have been applied to the CSET assessment.