### BRITTENHAM *v.* ROBINSON ET AL.

[No. 2,249.   Filed November 24, 1897.]

DOMICILE.—*How Residence May Be Acquired.*—A man may acquire a domicile if he be personally present in a place and elect that as his home, although he may have had no intention to remain at such place permanently, but at the end of some short time to remove and acquire another. *p. 504.*

SAME.—*Intention of Party.—Evidence.*—The residence of a person depends upon his acts and intention, and such intention may be made to appear from his acts and statements. *p. 504.*

EVIDENCE.—*Mortgage.—Residence of Mortgagor.*—In the foreclosure of a mortgage the introduction of the mortgage in evidence containing a statement of the county in which the mortgagors reside, makes out, *prima facie*, the residence of the mortgagors in such county. *pp. 504, 505.*

NEW TRIAL.—*Newly Discovered Evidence.*—A new trial will not be granted on account of newly discovered evidence, if such evidence is competent only for the purpose of impeachment, or is merely cumulative. *pp. 507, 508.*

From the Wells Circuit Court.   *Affirmed.*

*J. S. Dailey, F C. Dailey* and *Abram Simmons,* for appellant.

*A. L. Sharpe* and *C. E. Sturgis,* for appellees.

COMSTOCK, J. — Replevin brought by appellees against appellant, alleging in their complaint that they were the owners of certain articles of personal property described of the value of $400.00, and unlawfully detained by appellants, to their damage, etc. Defendants answered by general denial. The cause was submitted to the court for trial, without the intervention of a jury. There was a finding and judgment for the plaintiffs. Appellant filed his motion and, written reasons, supported by affidavit, for a new trial. The court overruled said motion, and defendant excepted. From the judgment so rendered, appellant appeals, and specifies as error the overruling of his motion for a new trial. The interest claimed by appel-

lee to the property in suit, was by virtue of a chattel mortgage executed by Charles S. Porter, in the name of Porter & McPherson, partners, and acknowledged by the former before a notary public on the 14th day of January, 1895, and recorded in the recorder's office of Wells county, Indiana, on the date of its execution.

Appellant relies upon three propositions for the reversal of the judgment: First, that the chattel mortgage does not give appellee a valid lien upon the property in controversy, for the reason that it was not recorded in the county where the mortgagors resided. Second, the exclusion of certain evidence offered by appellant. Third, the discovery of new and material evidence since the trial.

Section 6638, Burns' R. S. 1894 (4913, Horner's R. S. 1896) provides that "no assignment of goods by way of mortgage, shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless such assignment or mortgage shall be acknowledged, as provided in cases of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides, within ten days after the execution thereof."

In the presentation of this question, the learned counsel for appellant do not lose sight of the long settled rule of appellate courts, that if there is any evidence on every material point essential to recovery that tends to support the finding and judgment of the trial court, the judgment will not be reversed upon the weight of the evidence; that it is only when there is no evidence to support the finding and judgment, that a cause will be reversed. Under the statute it was essential to plaintiff's recovery that the mortgagors, Porter & McPherson, should have been residents of Wells county at the date of the recording of the mort-

gage, and if there was evidence before the trial court, tending to prove such fact, the judgment of the lower court could not by this court, upon that ground alone, be disturbed. Appellants claim that there was no evidence that either Porter or McPherson was a resident of Wells county on the 14th of January, 1895; that they were mere adventurers in the oil fields of Indiana, from Pennsylvania, engaged in drilling wells; Porter alone was married, and at the date named his family was living in Pennsylvania. Many definitions of residence are found in the text books, and in the reported cases. Many are collected in *Pedigo* v. *Grimes*, 113 Ind. 149, which case we cite. Judge Cooley says in his Constitutional Limitations, page 754 (5th ed.), that "a person's residence is the place of his domicile, or the place where his habitation is fixed without any present intention of removing therefrom." A man may acquire a domicile if he be personally present in a place and elect that as his home, even if he never design to remain there always, but design at the end of some short time to remove and acquire another. McCrary Elections, p. 496, sec. 38. In the case of *Sanders* v. *Getchell*, 76 Me. 158, it was held that bodily residence in a place, coupled with an intention to make such place a home, would establish a domicile or residence. We conclude that it is not necessary that there should be an intention to remain permanently at the chosen domicile. It is enough if it is for a time the home to the exclusion of other places. It follows that the residence of a person depends upon his acts and intention. This intention may be made to appear from his acts and statements. Looking to the record, we find that the mortgagors were described in the mortgage as residents of Wells county, Indiana, on the 14th of January, 1895, the day of its execution, and that on the same day it was recorded in the chattel mortgage

record in the recorder's office of said county. In *Brown v. Corbin*, 121 Ind. 455, this was held sufficient *prima facie* evidence to show that the mortgage was recorded in the county where the mortgagor resided, and put upon the defendant the burden of showing that they did not reside in said county. The introduction of the mortgage made out *prima facie* the residence of the mortgagors in Wells county. Two witnesses, Scott and Sturgis, testified that at the time of the execution of the mortgage Porter said that he resided in Wells county. Porter himself testified that he made the foregoing statement in the presence of Scott and Sturgis, and at that time he resided in Wells county. Porter further testified that his family came to him at Bluffton, Wells county, Indiana, in March, 1895; that they commenced keeping house there in a rented house, and lived in Bluffton of said county from that time to and including the time of the trial; that he did all his business in Bluffton; that he had his checks cashed there; that it was his stopping place when not at work; that he staid in Bluffton whenever he could get a place to stay; that his wife and family were with him there; that up to the time of the trial he had not worked any place in Indiana outside of said county; that Bluffton was his home. One Bender testified that during the month of December, 1894, Porter and McPherson came to his place of business and told him they were going to live in Bluffton. The evidence discloses that Porter and McPherson came to Montpelier, Indiana, Blackford county, in the fall of 1894; that they remained there for a time and went to work in the Wells county oil fields; that Porter made Bluffton his home, working only in Wells county; that he stayed a few nights in Montpelier, but transacted his business at Bluffton, and stated that his home was in Wells county. These facts and circumstances consti-

tute the evidence to support the finding of the court upon the question of residence. Appellant's counsel at the proper time objected and excepted to the testimony of the witness Bender to the declaration of Porter and McPherson that they intended to reside in Wells county, and in their able brief insist that its admission was improper. We are clear from an examination of the authorities, that the declarations of a party as to his residence are matters of proper proof as testimony to show his intention. The value or weight of such declaration must depend upon a variety of circumstances, and must be determined in each case by its own circumstances. The time, manner of making, the presence or absence of a sinister purpose in making them, and the other facts proven in the case. Jacob's Law of Domicile, sections 452-455, *et seq.*

*Wallace* v. *Lodge*, 5 Ill. App. 507, was an action in *assumpsit*, and an attachment was issued therein and levied upon real estate of the plaintiff in error.

The cause assigned for issuing the attachment was that the defendant was a nonresident of the State of Illinois. Defendant denied that he was a nonresident of the state of Illinois, and offered in evidence the depositions of witnesses who deposed as to the statements made by him at about the time of his departure for Minnesota, expressive of his intention after the completion of his business in that state to return to Illinois. The lower court excluded the testimony, and the appellate court held the evidence admissible, citing Greenleaf on Evidence, to the effect that any declaration made at the time of the transaction expressive of the motive, character, or object, are regarded as verbal acts indicating an intention, and are therefore admitted in proof like any other material fact. See, also, *Viles* v. *City of Waltham*, 157 Mass. 542, 42 N. E. 901.

Appellant's counsel also objected and excepted to the testimony of the witnesses Sturgis and Scott, that Porter stated at the time of the acknowledgment of the mortgage to Sturgis, the notary public before whom the acknowledgment was made, that he resided in Wells county. Porter testified without objection by appellee, that he made this statement to Sturgis at the time named, and further testified as a fact, that he resided in Wells county at said time.

In view of the testimony of Porter, we think the testimony of Sturgis and Scott, if not admissible as corroborative, was harmless, and could not have been prejudicial to appellant.

The second ground relied upon for the reversal of the judgment is, that the court sustained appellee's objection to the following question propounded to the appellant while upon the witness stand: "I will ask you now whether or not Charles S. Porter or McPherson, who was associated with him in drilling wells, lived in Wells county in the month of January, 1895?" This question called for the opinion of the witness, who had detailed to the court all the facts within his knowledge, upon which such opinion must have been based. The mere opinion of the witness could not have aided the court who was to determine the question of residence from the facts proved. The ruling, therefore, could not have harmed appellant.

The third ground relied upon for reversal of the judgment is the discovery of new evidence since the former trial. The newly discovered evidence was an affidavit made on March 11, 1895, by Porter, mortgagor, to secure the continuance of a cause then pending before a justice of the peace, and a schedule of property made by said Porter on the same day for the purpose of obtaining an exemption from execution, in

both of which said Porter stated that his residence and the residence of McPherson was Montpelier, Blackford county, Indiana. We think this newly discovered evidence could only be admissible for the purpose of impeachment, or as an admission. A new trial will not be granted on account of newly discovered evidence, if such evidence is competent only for the purpose of impeachment. *State ex rel.*, v. *Clark*, 16 Ind. 97; *Martin* v. *Garver*, 40 Ind. 351; *Evans* v. *State*, 67 Ind. 68; *Sullivan* v. *O'Conner*, 77 Ind. 149; *Sutherlin* v. *State*, 108 Ind. 389. Nor will a new trial be granted if the evidence is merely cumulative. *Hines* v. *Driver*, 100 Ind. 315; *Harper* v. *State, ex rel.*, 101 Ind. 109; *Marshall* v. *Mathers*, 103 Ind. 458; *De Hart* v. *Aper*, 107 Ind. 460.

If it is an admission, we think it must be held cumulative, because there is evidence to the same point of the same character. Other witnesses on behalf of the defendant (appellant) testified that Porter told them that he lived in Blackford county and that his family was there. Under the rule laid down in *Hines* v. *Driver, supra; McDonald* v. *Coryell*, 134 Ind. 493; *Morrison* v. *Carey*, 129 Ind. 277, we incline to the opinion that appellant has not shown proper diligence before the trial to discover this new evidence. This, however, we need not decide, as in our opinion it was cumulative. The testimony given was to oral admissions, the new evidence is written admission of the same fact.

The circuit court evidently reached the conclusion that appellants had not used due diligence to discover this evidence, and probably reached the conclusion that it was not of a character to change the result. We find no error for which the judgment of the lower court should be reversed.

The judgment is affirmed.