Keith and Mary HALL, Petitioners,

v.

**INDIANA DEPARTMENT OF STATE REVENUE and Kenneth L. Miller, Commissioner, Respondents.**

No. 49S10-9503-TA-336.

Supreme Court of Indiana.

Dec. 27, 1995.

Concurring and Dissenting Opinion of Justice DeBruler Jan. 2, 1996.

Certiorari Denied May 20, 1996.

See 116 S.Ct. 1828.

---

10. If we were to proceed under the alternative approach I describe in *part III* of my *Bryant* dissent, I would remand to the Tax Court for determination of when jeopardy attached, *i.e.,* when evidence was first presented to a trier of fact in the Cliffts' contest of the assessment. If that occurred prior to jeopardy attaching in Monica Clifft's criminal prosecution, then the result would be the same as the majority reaches here.

Andrew C. Maternowski, Indianapolis, for petitioners.

Pamela Carter, Attorney General, David A. Arthur, Deputy Attorney General, Indianapolis, for respondents.

## ON PETITION FOR REVIEW

SHEPARD, Chief Justice.

The Indiana Department of State Revenue assessed over eleven million dollars in drug taxes against a couple who illegally possessed some 300 pounds of marijuana. The couple now seeks to avoid that tax liability by claiming the assessment was a second jeopardy for the same offense. We conclude that they may not.

### I. History of the Case

On February 12, 1993, police entered and searched the home of petitioners Keith and Mary Hall. During their inspection of the Halls' property, police discovered a bale of marijuana weighing approximately 300 pounds. They arrested the Halls and charged them with felony possession of marijuana.

Four days later, appellee Indiana Department of State Revenue assessed the Controlled Substances Excise Tax (CSET) against the Halls in the amount of $5,691,-320.[1] The Department also assessed a 100 percent penalty because the Halls' did not pay the CSET when they first possessed the drug. Ind.Code Ann. § 6–7–3–11(a) (West Supp.1994). The Halls' total CSET liability was thus $11,382,640.[2] On the same day, the Marion County Sheriff's Department garnished Mary's wages and seized the Halls' property as partial payment of their CSET liability. *Appellant's Petition to Set Aside Final Determination,* ¶ 2.

Subsequent to the assessment, Keith pled guilty to the charge of possessing marijuana and was convicted of a class D felony. The State dismissed the criminal charge against Mary.

The Halls sent a letter of protest to the Department, contesting their tax liability. The Department held a hearing and denied the Halls' protest. Subsequently, the Halls petitioned the Indiana Tax Court for review of the assessment, claiming the CSET violated their privileges against self-incrimination, as well as their double jeopardy, due process

---

1. The Department calculated the CSET by multiplying the weight of the marijuana, roughly 142,-283 grams, by the statutorily prescribed amount of $40 per gram. Ind.Code Ann. § 6–7–3–6 (West Supp.1994).

2. Interest immediately began accruing at the rate of $1,091.49 per day.

and equal protection rights afforded by the United States and Indiana Constitutions.[3]

On October 11, 1994, the Tax Court issued its opinion in this action and three companion cases addressing the same issues. *Hall v. Indiana Dep't of State Revenue* (1994), Ind. Tax, 641 N.E.2d 694; *Bailey v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 641 N.E.2d 695; *Clifft v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 641 N.E.2d 682; *Hayse v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 641 N.E.2d 698. The court ruled that the CSET did not violate the Halls' privileges against self-incrimination or their rights to equal protection and procedural due process. The court did conclude, however, that the CSET was Keith's second jeopardy, imposed in violation of the Fifth Amendment, and set aside his tax liability. It held further that no violation of Mary's right against double jeopardy occurred because she had suffered no criminal sanction before or after her CSET assessment.

Both the Halls and the Department petitioned this Court for review, which we granted. The following issues are presented:

1. Whether the CSET assessment was a second jeopardy in violation of the Halls' double jeopardy rights under the Fifth Amendment to the U.S. Constitution;

2. Whether the CSET compels self-incrimination in violation of the Fifth Amendment to the U.S. Constitution; and,

3. Whether the CSET assessment abrogated the Halls' procedural due process rights afforded by the Fourteenth Amendment to the U.S. Constitution.

## II. Constitutionality of the CSET

■ Like the taxpayer in today's case of *Bryant v. State* (1995), Ind., 660 N.E.2d 290, the Halls claim their CSET assessment was the second jeopardy imposed against them for the same offense. In *Bryant*, we followed the U.S. Supreme Court's recent analysis in *Montana Dep't. of Revenue v. Kurth Ranch*, — U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), and concluded that a CSET assessment is a jeopardy. We reached this decision only after evaluating the CSET's deterrent purpose, high rate of taxation, prerequisite of the commission of a crime and penal nature objectives. Ultimately, we concluded that, when combined with the CSET's criminal sanction, Bryant had indeed been twice placed in jeopardy.

Because the nature of the Halls' claim mirrors that of Bryant, our *Bryant* analysis is applicable. We note that Mary was subjected to neither criminal prosecution nor punishment, and therefore conclude the CSET was her only jeopardy. Her Fifth Amendment rights were not offended. By contrast, Keith was convicted for felony drug possession after the Department's CSET assessment. The CSET was therefore his first jeopardy and the criminal action a second jeopardy in violation of the Double Jeopardy Clause.[4]

■ The Halls also argue that the CSET unconstitutionally compels self-incrimination and that the tax assessment denied their rights to procedural due process. We addressed issues identical to these in today's decision in *Clifft v. Indiana Dep't. of State Revenue* (1995), Ind., 660 N.E.2d 310. The analysis emerging from *Clifft* leads us to hold that the CSET violates neither the Halls' privilege against self-incrimination nor their rights to procedural due process afforded by the Fifth and Fourteenth Amendments.

## III. Conclusion

We affirm the decision of the Tax Court with respect to the Halls' self-incrimination

---

**3.** The Halls do not question the constitutional validity of the CSET under the Indiana Constitution in their appeal to this Court. Moreover, they presented no cogent state constitutional claim before the Tax Court.

**4.** Keith lost his $40,000 in the wake of a jeopardy assessment just as Bryant suffered seizure of assets including his home in the immediate after-math of the jeopardy assessment issued to him. Such is characteristic of the jeopardy assessment. It constitutes a civil judgment and may lead to seizure as payment just as a conviction in criminal court may lead to fines and incarceration. It is this similarity that leads us to conclude that assessment is the point at which jeopardy attaches for Fifth Amendment purposes.

and due process claims. We affirm the Tax Court's denial of Mary's double jeopardy claim. We reverse as to Keith's double jeopardy claim and reinstate the CSET assessment.[5]

DICKSON and SELBY, JJ., concur.

DeBRULER, J., concurs in result and dissents with separate opinion to follow.

SULLIVAN, J., concurs and dissents with separate opinion.

## ON PETITION FOR REVIEW

SULLIVAN, Justice, concurring and dissenting.

As explained in *part II* of my dissent today in *Bryant v. State* (1995), Ind., 660 N.E.2d 290 (Sullivan, J., dissenting), I believe the majority errs in holding that an administrative assessment of a tax can constitute a first punishment for double jeopardy purposes.[6] As such, I believe that Keith Hall's criminal conviction is not contrary to the Double Jeopardy Clause. However, payment of the CSET assessed would constitute a second punishment of Keith Hall and would therefore be barred by *Department of Revenue of Montana v. Kurth Ranch*, — U.S. —, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) (tax on the possession of illegal drugs assessed after the state has imposed a criminal penalty for the same conduct violated Double Jeopardy Clause).

I agree with the majority that no second jeopardy occurred in Mary Hall's case and that the CSET violates neither the Halls' privilege against self-incrimination nor their due process rights.

DeBRULER, Justice, concurring and dissenting.

I would affirm the entire decision of the Tax Court in this case. Mary's double jeopardy claim is properly denied in light of the

fact that she was not subjected to a first jeopardy in the criminal prosecution which was initiated and then dismissed. Keith's double jeopardy claim, however, has merit. At the time the Tax Court ruled, Keith had been punished as a result of the criminal proceeding against him, and property of Keith and Mary worth roughly $40,000 had been seized by the Marion County Sheriff pursuant to the tax warrant the Department issued with its jeopardy assessment. I agree with the Tax Court that the holding in *Department of Revenue v. Kurth Ranch*, — U.S. —, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), commands the conclusion reached by the Tax Court that further tax collection efforts by the Department would subject Keith to a second punishment prohibited by the Double Jeopardy Clause. I find this case different from today's case of *Bryant v. State* (1995), Ind., 660 N.E.2d 290, in which the taxpayer, while being first subjected to a punishment in a criminal prosecution, had at no time paid any of the tax nor had the taxpayer been subject to any collection efforts by revenue agents.

---

5. Keith's criminal conviction is not before us in this tax appeal therefore not subject to disposition here.

determination of when jeopardy attached, *i.e.,* when evidence was first presented to a trier of fact in the Halls' contest of the assessment. If that occurred prior to jeopardy attaching in Keith Hall's criminal prosecution, then the result would be the same as the majority reaches here.