David C. BRUNS, M.D. and Ellen M. Bruns, Petitioners,

v.

DEPARTMENT OF STATE REVENUE,[1] Respondent.

No. 49T10–9712–TA–00206.

1. Mr. and Mrs. Bruns initiated this action against both the Department of State Revenue

Tax Court of Indiana.

March 24, 2000.

and the State Board of Tax Commissioners (State Board). Because the motor vehicle excise tax is a listed tax, *see* IND.CODE ANN. §§ 6–6–5–2(b) & 6–8.1–1–1 (West Supp.1999), the State Board of Tax Commissioners is not responsible for administration of the tax and is dismissed from the cause. *See* IND. T.R. 21.

David F. McNamar, John H. Sharpe, McNamar, Fearnow & McSharar, P.C., Indianapolis, Indiana, Attorneys for Petitioners.

Karen M. Freeman–Wilson, Attorney General of Indiana, Jeffrey S. McQuary, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

The petitioners, Dr. David C. Bruns & Ellen M. Bruns, appeal a final determination of the Department of State Revenue (Department) assessing Dr. Bruns (Bruns) for motor vehicle excise tax (MVET).[2] The parties raise one issue for the Court's consideration: whether Bruns is liable for payment of the MVET assessed against him by the Department.

## FACTS AND PROCEDURAL HISTORY

Bruns is a physician employed by the Indiana Department of Family and Social Services (FSSA) in its Indianapolis office. Bruns maintains a permanent residence in Gifford, Illinois. His driver's license and license plates are issued in Illinois; he votes in Illinois, and he pays income taxes

as an Illinois resident. As a result of his employment, Bruns drives to Indianapolis on Monday mornings to begin his work week. During the work week, on some days, if he chooses not to drive back to Illinois, Bruns stays overnight in a rooming house located in Plainfield, Indiana. Bruns' room contains a bed, a small television set, a clock radio, sundries, and clothing to be worn during the work week. On Friday nights, Bruns drives back to his domicile in Illinois.

On June 3, 1997, Bruns received a letter from the Department indicating that the Department considered him to be a current Indiana resident and that the Department's information indicated that he had been an Indiana resident since 1992. Therefore, the Department determined that Bruns should have registered his automobile in Indiana beginning in 1992 and should have paid the MVET from that date. See Ind.Code Ann. § 6–6–5–2 (West Supp.1999). Bruns filed a written letter of protest on June 5, 1997, explaining that he was in fact a resident of the State of Illinois. On that same day, the Department issued a letter to Bruns indicating that it had voided its 1992 assessment and had reduced his 1993 liability to $579.67. See Ind.Code Ann. § 6–8.1–5–1(a) (West Supp.1999). However, the Department did not alter its 1994–1997 assessments, which resulted in a total tax assessment for the years 1993 through 1997 of $2,485.69.

On July 22, 1997, Bruns filed a written protest with the Department regarding its proposed assessment. On July 25, 1997, the Department issued a Letter of Findings (LOF) upholding its proposed assessment. On August 25, 1997, Bruns requested a rehearing from the Department. See Ind.Code Ann. § 6–8.1–5–1(f) (West Supp. 1999). The Department denied Bruns' request for a rehearing and on December 23, 1997, Bruns filed this original tax appeal.

**2.** For ease of analysis and discussion, the Court will treat this case as if Dr. Bruns is the only petitioner. In light of today's opinion, the Court does not need to deal with the issue of the tax as it affects Mrs. Bruns as co-owner of the vehicle.

On August 19, 1998, Bruns filed a motion for summary judgment. On October 20, 1998, the Court heard oral argument on this motion. Deeming that resolution of the issues raised on summary judgment were not appropriate, the Court denied Bruns' motion for summary judgment. *See Bruns v. Department of Revenue*, No. 49T10–9712–TA–00206 (Ind. Tax Ct. Feb. 2, 1999) (unpublished memorandum decision denying Bruns' Motion for Summary Judgment) (*Bruns I*). On August 30, 1999, the parties presented themselves to this Court for trial on the issue regarding the MVET.[3] Oral argument was held on January 24, 1999. Additional facts will be supplied where necessary.

## ANALYSIS AND OPINION

### Standard of Review

██ This Court reviews final determinations of the Department de novo and is bound neither by the evidence presented nor the issues raised at the administrative level. *See* Ind.Code Ann. § 6–8.1–5–1(h) (West Supp.1999); *Hurst v. Department of State Revenue*, 721 N.E.2d 370, 372 (Ind. Tax Ct.1999).

### Discussion

I. *Liability under the MVET statute*

A) Living in Indiana

██ Bruns contends that, because he is a resident of the state of Illinois, he should not be liable under the MVET statute. Excise taxes are levies on an activity or event.[4] *See Hall v. Department of Rev-*

*enue*, 720 N.E.2d 1287, 1289 (Ind. Tax Ct.1999) (citing JEROME R. HELLERSTEIN & WALTER HELLERSTEIN, STATE AND LOCAL TAXATION 30 (1988)). An excise tax includes taxes sometimes designated by statute or referred to as privilege taxes. *See id.* (quoting THOMAS COOLEY, THE LAW OF TAXATION § 45 (4th ed.1924)). Indiana imposes an annual license excise tax on vehicles required to be registered in Indiana under the motor vehicle laws of the state. *See* IND.CODE ANN. §§ 6–6–5–2, –6 (West Supp. 1999). The statute requires that a person, "[w]ithin sixty (60) days of becoming an Indiana resident," register any motor vehicle owned by the person that will be operated on Indiana roads. *See* IND.CODE ANN. § 9–18–2–1 (West Supp.1999) (amended 1996 & 1999, 1999 amendments effective Jan. 1, 2000). Another statute in part defines an Indiana resident as: "a person who ... has been living in Indiana for at least one hundred eighty-three (183) days during a calendar year and who has a legal residence in another state."[5] *Id.* at § 9–13–2–78(1) (West 1992).

The Department asserts that Bruns was present in Indiana for over two hundred (200) days a year for three of the last four years in question. (Resp't Br. at 5.) The Department contends that Bruns was a resident of Indiana for purposes of section 9–13–2–78(1). Further, the Department places great emphasis on the phrase "living in Indiana." To expand on its contention that Bruns was a resident during the tax years in question, the Department argues that "living in Indiana" *does not*

---

3. The issues raised in Bruns' motion for summary judgment were as follows: whether IND. CODE ANN. § 9–13–2–78(1) (West 1992) is unconstitutionally vague; and, whether Bruns is a resident of Indiana. This Court denied Bruns' motion for summary judgment based on a possible conflict in the facts. *See Bruns I, supra* at 10. However, because of today's decision, the Court will not consider any issues based on constitutionality.

4. For a more in-depth analysis of excise taxes, see generally RICHARD A. POSNER, ECONOMIC ANALYSIS OF LAW 455–58 (3d ed.1986).

5. Under Indiana law, a person may have only one legal domicile. Domicile is defined as the place where a person has a permanent home to which he has, when absent, an intention of returning. *See State Election Bd. v. Bayh*, 521 N.E.2d 1313, 1317 (Ind.1988). However, a person may have more than one legal residence. *See Croop*, 157 N.E. at 277. Thus, a person may legally reside in more than one state while being legally domiciled in only one state. *See id; see also* BLACKS LAW DICTIONARY 337 (abr. 6th ed.1991).

mean being "domiciled" in Indiana. (Resp't Br. at 3–4.) Rather, the Department argues, living in Indiana means occupying a home or dwelling in Indiana.[6] (Resp't Br. at 4.) With that said, it is important to note that the phrase "living in Indiana" is not defined by statute or by any Department regulation.

In *Croop v. Walton,* 199 Ind. 262, 157 N.E. 275 (1927), the Indiana Supreme Court dealt with facts similar to those in the case at bar. *Croop* was not based on an excise tax but rather on taxes on certain intangible property consisting principally of corporate stock in a Michigan furniture manufacturing company. *See Croop,* 157 N.E. at 275. In that case, a taxpayer who was domiciled in Sturgis, Michigan for a number of years purchased a house in Elkhart, Indiana.

The taxpayer's use of this house was to provide assistance to his daughter, who was in the midst of a divorce, until she became settled elsewhere. However, the daughter died unexpectedly, which caused the taxpayer's wife to suffer severe mental and physical trauma. As a result, after visiting several mental institutions and other medical facilities, the taxpayer continued to stay at the "Elkhart house on account of the mental and physical condition of his wife, and continued to occupy it until such time as she could safely return to Sturgis to live." *Croop,* 157 N.E. at 276.

The Indiana Supreme Court observed that Croop did not live in Elkhart with the intention of giving up his domicile in Sturgis or come to Elkhart with the intention of acquiring a new domicile. *See id.* Although the Court's analysis in *Croop* focused mainly on the issue of domicile, the Indiana Supreme Court also offered guidance in the area of residency. For example, the Court determined that when a person has residences in different states, that person is taxable at the original domicile, *unless* opening of the second home involved abandonment of the original domicile. *See id.* at 277. Affirming the lower court's determination that the taxpayer was not domiciled in Indiana, the Court noted that the taxpayer had left his original place of residence temporarily with the intention of returning to Michigan. *See id* at 278. According to the Indiana Supreme Court in another case, the question of residency is a "contextual determination to be made by a court upon a consideration of the *individual facts* of any case." *In the Matter of Evrard,* 263 Ind. 435, 440, 333 N.E.2d 765, 768 (1975) (emphasis added) (establishing clarification of laws regarding voting and residency).

■ Moreover, in determining a taxpayer's residency, the fact that a person has more than one residence or place of abode in which he has a substantial investment, social commitment, and interest, and which is useful for any number of purposes, is only one relevant fact among many other things to be considered by a court. *See id.* In determining residence *or* domicile, conduct such as the abandonment of a prior residence and contemporary statements of intention to establish a new principal residence are also to be considered. *See id.* (citing *Brittenham v. Robinson,* 18 Ind. App. 502, 48 N.E. 616 (1897)). The Department's assertion that one can maintain a residence in two states is correct. (Oral Argument Tr. at 11.) However, in order to impose certain taxes on someone who is domiciled in one state but also is alleged to

---

**6.** During oral argument, respondent stated that Bruns, because of his occupation of the Plainfield rooming house, maintained a residence for "some twenty years." (Oral Arg. Tr. at 11). However, in this case, whether Bruns maintained the Plainfield rooming house 365 days per year is not germane to the disposition of the issue of liability under the MVET statute. What is germane is whether the facts of this case show that Bruns occupied the Plainfield rooming house for at least 183 days per year pursuant to the MVET statute. Under the MVET statute, a person can maintain a residence in Indiana for 365 days; however, to be liable under the MVET, it must be shown that the taxpayer lived in Indiana for at least 183 days per year.

have a residence in another state, a closer analysis regarding that person's behavior or conduct combined with the taxpayer's purpose is also required. *See Evrard,* 333 N.E.2d at 768. With that said, the Court, at this time, declines the parties' invitation to define the term "living in Indiana." The Court can now dispose of the issue of MVET liability by looking to the evidence presented by the parties.

### B) The Evidence Presented

Bruns argues that he cannot be in Indiana for at least 183 days unless he is present in Indiana for 4,392 hours.[7] The Department argues that being present in Indiana for any part of the day equals one day. Bruns offered detailed evidence that he was not present in Indiana for at least 183 days during the tax years in question. In support of his argument, Bruns submits that during the 1993 tax year, he was in Indiana for 70.232 days; for the 1994 tax year he was in Indiana for 182.626 days; for the 1995 tax year he was in Indiana for 176.624 days; for the 1996 tax year he was in Indiana for 179.626 days, and for the 1997 tax year he was in Indiana 173.830 days. (Pet'r Ex. 6.) Thus, according to Bruns' evidence (after conversion from days to hours), for the 1993 tax year Bruns was present in Indiana for 1,685.6 hours; for the 1994 tax year Bruns was present in Indiana for 4,383 hours; for the 1995 tax year Bruns' total time spent in Indiana equaled 4,239 hours, and for the 1996 and 1997 tax years, Bruns was present in the state for 4,311 and 4,171.92 hours respectively.

The Department, in addition to its claim that Bruns' occupation of the rooming house amounted to "living in Indiana," offered parking garage records for the tax years of 1995, 1996 and 1997. (Resp't Ex. 6.) This evidence differs from Bruns' evidence in that it shows that his vehicle was parked in the state employee parking garage for 212 days in 1995; 216 days in 1996; and 213 days in 1997. However, the Court rejects this argument because it would mean that any nonresident full-time employee of the state who parks his or her car in a state-owned parking garage will be present in Indiana for at least 183 days and would become a resident.

Bruns is correct in his assertion that to be in Indiana for a day, a person must be present in the state for at least twenty-four hours. Thus, the Department's argument is rendered useless because a day equals twenty-four hours; nothing less equals a day. Based on that concept and the fact that Bruns has submitted uncontroverted evidence that, although his car was in the garage for a period greater than 183 days, he in fact was not present in Indiana for at least 183 days or for a period greater than 4,392 hours. Therefore, even if Bruns' occupation of the Plainfield rooming house amounted to living in Indiana, the evidence before this Court is that Bruns was not present in Indiana for at least 183 days.

Finally, the Court, absent any statute allowing dual registration of one car in two states, will not require Bruns to come into violation of his home state's laws by registering his car in Indiana. *See* 625 ILL. COMP. STAT. 5/3–401(a) (West 1999) (stating that it shall be unlawful for any owner of a vehicle to allow that vehicle to be driven without being registered). Instead of falling under the purview of the MVET statute, Bruns would fall under the purview of IND.CODE ANN. § 9–18–2–2 (West 1989), which allows a nonresident to operate a vehicle on Indiana roads without registering the vehicle or paying the MVET "if the vehicle is properly registered in the jurisdiction in which the nonresident is a resident."

The record clearly indicates that Bruns is a resident of the State of Illinois and only works as an employee of the State of Indiana. Based on section 9–18–2–2, the legislature did not intend to force multiple taxation on people whose vehicles are properly registered in other states. There is no evidence in the record that would indicate that Bruns' vehicle is not properly

---

**7.** 183 days multiplied by twenty-four hours equals 4,392 hours.

registered in Illinois. This Court in its denial of Bruns' motion for summary judgment stated that the "intent of the definition of resident in section 9–13–2–78(1) is to prevent people who *actually* live in Indiana from avoiding taxation here by registering their vehicles in nearby states." *Bruns* I at 7 (emphasis supplied in original.).

## CONCLUSION

Based on the foregoing, this Court REVERSES the Department's finding that Bruns is liable for the MVET assessment in the amount stated above.