Kevin and Monica CLIFFT,
Petitioners,

v.

INDIANA DEPARTMENT OF REVE-
NUE and Kenneth L. Miller, Com-
missioner, Respondents.

No. 49T10–9308–TA–64.

Tax Court of Indiana.

May 1, 2001.

Andrew C. Maternowski, Attorney at Law, Indianapolis, IN, Attorney for Petitioner.

1. Originally, both Monica and Kevin Clifft were petitioners in this case. However, at trial, this Court learned that Kevin Clifft had died and had neither an estate opened nor a personal representative appointed. Thereafter, the Court dismissed Kevin's petition. *See Clifft v. Indiana Dep't of State Revenue*, No. 49T10–9308–TA–64 (Indiana Tax Ct. Dec. 3, 1998) (unpublished order). Accordingly, this opinion will only address Monica Clifft's liability.

2. Monica did not file a post-trial brief. However, on September 1, 1999, Monica filed a "Notice to the Court Regarding Proposed Findings of Fact and Conclusions of Law and Adoption of Legal Arguments." In this notice, Monica moved to vacate and dismiss the CSET assessment on grounds of equitable double jeopardy, cruel and unusual punishment, and excessive fines. She moved to dismiss and vacate by merely copying a motion to dismiss and vacate filed in another CSET case, *Hall v. Indiana Dep't of State Revenue*, Cause No. 49T10–9306–TA–36, which was pending before the Court, and asking this Court to incorporate the motion by reference. Just as these issues raised in Monica's incorporated motion were denied in the *Hall* case, they are also denied in this case and therefore will not be addressed in this opinion. *See Hall v. Indiana Dep't of State*

Steve Carter, Attorney General of Indiana, David A. Arthur, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## FISHER, J.

The petitioner, Monica Clifft,[1] challenges the Indiana Department of State Revenue's (Department) finding that she owed a controlled substance excise tax (CSET) in the amount of $77,871. Monica has raised several issues for this Court's review.[2] The Court, however, finds that the only issue that remains is whether Monica possessed the marijuana in question such that she is liable for the CSET on it.

For the reasons stated below, the Court AFFIRMS the Department's assessment.

*Revenue*, 720 N.E.2d 1287, 1289 (Ind. Tax Ct.1999) (citing *Hall*, No. 49T10–9306–TA–36 (Ind. Tax Ct. July 6, 1998) (unpublished order denying Petitioner's Motion to Vacate)). Furthermore, following the analysis in *Hall*, the issue of excessive fines was not discussed at trial because, at that time, the issue was premature in that the Court had not determined whether Monica was liable for the CSET. *See id.* Given the fact that this Court now finds that Monica is liable for the CSET, this Court will allow Petitioner's counsel to brief and argue the excessive fines issue at a later date. *See infra. See also Hall* 720 N.E.2d at 1289, n. 6. Lastly, Monica also copied and attached another motion from the *Hall* case to submit additional authority on previously determined issues to support argument on her previously rejected due process argument. (Pet'r Notice Regarding Adoption of Legal Arguments at 1) (citing *Lynn v. West*, 134 F.3d 582 (4th Cir. 1998), *cert. denied*, 525 U.S. 813, 119 S.Ct. 47, 142 L.Ed.2d 36 (1998).) Because this Court and the Indiana Supreme Court have already reviewed this issue and held that the CSET assessment did not violate Monica's due process rights, this Court will not again entertain the issue. *See Clifft v. Indiana Dep't of State Revenue*, 641 N.E.2d 682, 691 (Ind. Tax Ct.1994) (*Clifft I* ), *aff'd in part, rev'd in part; Clifft v. Indiana Dep't of State Revenue*, 660 N.E.2d 310, 318 (Ind.1995) (*Clifft II* ).

## FACTS AND PROCEDURAL HISTORY

The Court has previously reviewed the facts of this case, which are set forth in *Clifft v. Indiana Department of State Revenue*, 641 N.E.2d 682, 684–85 (Ind. Tax Ct.1994) (*Clifft I*), aff'd in part and rev'd in part, 660 N.E.2d 310 (Ind.1995) (*Clifft II*). Therefore, this Court will briefly review the relevant factual and procedural history of this case in order to provide insight as to the current posture of this case.

In October 1992, Monica Clifft's residence was a house located on West 30th Street in Indianapolis, Indiana. (Trial Tr. at 13.) Monica, who had lived in the house since 1985 and was buying the house on contract, had lived in the house with her husband, Kevin Clifft. (Trial Tr. at 13, 15–17.) On October 8, 1992, Indianapolis and ·Speedway police executed a search warrant on Monica's house and discovered a total of 927 grams of marijuana[3] and marijuana growing equipment. *Clifft I*, 641 N.E.2d at 684. Kevin, but not Monica, was at the house when the police executed the warrant. (Trial Tr. at 9–10, 14.)

After the police shared this information with the Department, the Department issued an assessment for CSET in the amount of $77,871.[4] On January 14, 1993, after pleading guilty, Monica was convicted of possession of marijuana as a class A misdemeanor.[5] *See* IND.CODE § 35–48–4–

11. Monica protested the CSET assessment, and her protest was denied by the Department on May 12, 1993. (State's Ex. H.)

Monica petitioned this Court for review of the assessment and claimed among other things that the CSET violated her privilege against double jeopardy under the United States Constitution. *Clifft I*, 641 N.E.2d at 684. This Court ordered that CSET assessment against Monica be vacated because the CSET was a punishment subject to the constraints of the Double Jeopardy Clause and that the imposition of the CSET after the attachment by a conviction in the criminal case violated the Double Jeopardy Clause. *Id.* at 692–93.

Upon appeal to the Indiana Supreme Court, the Court reinstated the CSET assessment because it held the jeopardy in a CSET case attaches at the moment of the assessment. *Clifft v. Indiana Dep't of State Revenue*, 660 N.E.2d 310, 313, 318 (Ind.1995) (*Clifft II*). The Court reasoned that the CSET assessment in Monica's case did not violate the Double Jeopardy Clause because it was assessed prior to her criminal action, which was a second jeopardy. *Id.* at 313.

Monica then returned to this Court to challenge the CSET assessment. This Court conducted a trial on the issue of Monica's liability under the CSET statute. Additional facts will be supplied where necessary.

---

**3.** The 927 grams of marijuana consisted of both loose marijuana and marijuana plants. (Trial Tr. at 9–10; State's Ex. C.) *See also Clifft I*, 641 N.E.2d at 684.

**4.** The $77,871 was assessed on both Monica and Kevin Clifft. (State's Exs. E, G.) This amount includes the $37,080 tax itself, a 100% nonpayment penalty of $37,080, a 10% collection fee of $3,708, and a clerk's fee of

$3.00. *See* I.C. §§ 6–7–3–6 (calculation of tax); 6–7–3–11 (authorizing 100% nonpayment fee); 6–8.1–8–2(b) (authorizing 10% collection fee). Interest began to accrue immediately at the rate of $8.13 per day. *Clifft I*, 641 N.E.2d at 685.

**5.** The State dropped all charges against Kevin Clifft. *Clifft I*, 641 N.E.2d at 685.

## ANALYSIS AND OPINION

### Standard of Review

This Court reviews final determinations of the Department *de novo* and is not bound by either the evidence presented or issues raised at the administrative level. I.C. § 6–8.1–5–1(h); *see also Hall v. Indiana Dep't of State Revenue*, 720 N.E.2d 1287, 1289 (Ind.Tax.Ct.1999). Although statutes that impose tax are to be strictly construed against the State, in Indiana, "[t]he burden of proving that the proposed assessment is wrong rests with the person against whom the proposed assessment is made." I.C. § 6–8.1–5–1(b); *see also Horrall v. Indiana Dep't of State Revenue*, 687 N.E.2d 1219, 1221 (Ind.Tax. Ct.1997), *review denied; Longmire v. Indiana Dep't of State Revenue*, 638 N.E.2d 894, 898 (Ind. Tax Ct.1994).

### Discussion

Monica appears to claim that she is not liable for the CSET because she was not at the house and not living in the house at the time the police executed the search warrant and found the 972 grams of marijuana.[6] The Department maintains that Monica, who pled guilty to possession of the marijuana, is liable for the CSET assessment. (Resp't Trial Br. at 1.)

A person may be liable for the tax under the CSET statute, Indiana Code § 6–7–3–5, for controlled substances that are:

(1) delivered;

(2) possessed; or

(3) manufactured;

in Indiana in violation of IC 35–48–4 or 21 U.S.C. 841 through 21 U.S.C. 852. I.C. § 6–7–3–5.

In *Hall*, this Court addressed the issue of whether the taxpayers had possession of marijuana such that they were liable for a CSET assessment. In that case, Keith Hall and his wife, Mary, were assessed with the CSET for marijuana found by police during a search of the Halls' house. *Hall*, 720 N.E.2d at 1291. The police found the marijuana in a locked room in the basement. *Id.* at 1291. This Court found that the evidence of possession in regard to Keith Hall—specifically that he admitted to possessing the marijuana[7]— was sufficient to show that Keith had possession of the marijuana for liability under the CSET statute. *Id.* at 1291. On the other hand, this Court found that although there was some evidence that Mary Hall constructively possessed the marijuana (she co-owned the house where the marijuana was found, she washed laundry near the room where the marijuana was found, and the odor of raw marijuana emanated throughout the house), Mary did not have knowledge of the marijuana because it was kept behind a closed door that was locked and to which she did not have a key. *Id.* at 1291–92. Thus, this Court held that Mary did not have the intent or the capability to maintain dominion and control over the marijuana. *Id.* at 1292.

■ The evidence in this case shows that Monica Clifft possessed the marijuana such that she was liable under the CSET statute. Just like taxpayer Keith Hall in

---

6. Monica Clifft did not file a post-trial brief; therefore, her position is gleaned from the trial transcript. *See* n. 2, *supra*. Although this Court will not do the taxpayer's work for her, here the Court found it necessary to try to determine Monica's position in order to complete its analysis. *See CDI, Inc. v. State Bd. of Tax Comm'rs*, 725 N.E.2d 1015, 1020 (Ind. Tax Ct.2000).

7. Keith pled guilty to possession of marijuana and admitted to possessing marijuana at trial before this Court. *Hall*, 720 N.E.2d at 1291; *Hall v. Indiana Dep't of State Revenue*, 660 N.E.2d 319, 320 (Ind.1995), *cert. denied*, 517 U.S. 1210, 116 S.Ct. 1828, 134 L.Ed.2d 933 (1996).

the *Hall* case, Monica Clifft admitted that she possessed the marijuana. Specifically, Monica admitted that she possessed the marijuana when she pled guilty to possession of marijuana in her criminal proceedings. (Trial Tr. at 15, 17; State's Exhibit I.) Moreover, Monica admitted that she possessed the marijuana during the trial in this case. Monica admitted that she knew the marijuana plants were growing in her house, that she used the marijuana in her house, and that some of the marijuana was found in her clothes. (Trial Tr. at 14–16.) Because Monica admitted that she possessed the marijuana, the Department properly assessed the CSET on her possession of that marijuana.

■■■ Even assuming *arguendo* that Monica had not pled guilty to possession of marijuana, the facts and evidence in this case shows that she constructively possessed the marijuana. Possession may be actual or constructive. *Hurst v. Department of State Revenue*, 721 N.E.2d 370, 374 (Ind.Tax.Ct.1999); *Hall*, 720 N.E.2d at 1290. In a CSET case, when a taxpayer does not have actual possession, there must be a determination of whether the taxpayer had constructive possession of the controlled substance. *Hall*, 720 N.E.2d at 1290 (citing *Ladd v. State*, 710 N.E.2d 188, 190 (Ind.Ct.App.1999)). Constructive possession is established when the taxpayer has shown both: (1) the requisite intent to maintain dominion and control over the controlled substance and (2) the capability to maintain dominion and control over the controlled substance. *Id.*

■■■ Proof of a possessory interest in the premises in which the illegal drugs are found is adequate to show the capability to maintain dominion and control over the drugs in question. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind.1999). To prove the intent element, it must be shown that the petitioner had actual knowledge of the

presence and the illegal character of the substance. *Id.; Hurst*, 721 N.E.2d at 375 (citing *Godar v. State*, 643 N.E.2d 12, 14 (Ind.Ct.App.1994), *trans. denied*). This knowledge may be inferred by either exclusive control over the premises where the contraband was found or, if the control is nonexclusive, evidence of additional circumstances tending to buttress such an inference. *Goliday*, 708 N.E.2d at 6; *Hall*, 720 N.E.2d at 1290 (citing *Lampkins v. State*, 685 N.E.2d 698, 699 (Ind.1997)). These additional circumstances that would imply a petitioner's knowledge of the nature of the substance and its presence include: (1) incriminating statements by the petitioner; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the petitioner to the drugs; (5) drugs in plain view; and (6) location of the drugs in close proximity to items owned by the petitioner. *Hurst*, 721 N.E.2d at 375; *Hall*, 720 N.E.2d at 1290.

First, this Court must determine whether Monica had capability to maintain dominion and control over the marijuana. Monica, who was buying the house where the marijuana was found, lived in the house since 1985, had the utility and phone bills in her name, kept her personal property in the house, and received her mail at that house. (Trial Tr. at 13, 15, 17.) Because Monica had a possessory interest in the house, it is adequate to show that she had the capability to maintain dominion and control over the marijuana. *See Goliday*, 708 N.E.2d at 6.

Next, this Court must determine whether Monica had the intent to maintain dominion and control over the marijuana. Because Monica's husband, Kevin, also lived in Monica's house, the control over the premises where the marijuana was found was nonexclusive. Therefore, this Court must look to the additional factors that may support an inference that Monica

had knowledge of the nature and presence of the marijuana. *Goliday*, 708 N.E.2d at 6; *Hall* 720 N.E.2d at 1290. During the trial, Monica admitted that she knew that Kevin was growing marijuana in the house. (Trial Tr. at 14–15.) She also admitted that she used the marijuana while in the house and that some of the marijuana was found in her clothes. (Trial Tr. at 16, 21.) The police also discovered marijuana growing equipment in Monica's house. *Clifft I*, 641 N.E.2d at 684. These additional circumstances—Monica's incriminating statements about her knowledge of and her use of marijuana in her house; a drug manufacture setting for marijuana in Monica's house; and the location of the marijuana in close proximity to items owned by Monica—buttress the inference that she knew that the marijuana was located in the house and support the inference that Monica had the intent to maintain dominion and control over the marijuana. *See Hurst*, 721 N.E.2d at 375; *Hall*, 720 N.E.2d at 1290.

The evidence presented shows that Monica had the intent and capability to maintain dominion and control over the marijuana. Thus, the evidence demonstrates that she had constructive possession of the marijuana. Because Monica possessed the marijuana in question, she is liable under the CSET statute for tax on the marijuana.

### CONCLUSION

Because Monica Clifft possessed the marijuana found in her home, and indeed pled guilty to possession of that marijuana, this Court AFFIRMS the Department's finding that Monica is liable for the CSET assessment.[8]

---

**8.** This Court notes that pursuant to Indiana Code § 6–8.1–10–1(a) Monica is liable for all interest that has accrued or will accrue.