790 N.E.2d 198 (2003)
NORTH CENTRAL INDUSTRIES, INC., Company, Successor in Merger with Petitioner,
v.
INDIANA DEPARTMENT OF STATE REVENUE, Respondent.
No. 49T10-9907-TA-158.
Tax Court of Indiana.
June 20, 2003.
*199 John H. Brooke, Brooke & Cloyd, Muncie, IN, Attorney for Petitioner.
Steve Carter, Attorney General of Indiana, Linda I. Villegas, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.
FISHER, J.
North Central Industries, Inc. (North Central) appeals from the Indiana Department of State Revenue's (Department) denial of its request for a refund of $1,988.15 in use tax for 1994. North Central claims that the Department failed to grant it an exemption under Indiana Code Section 6-2.5-5-3 on the machine it used to shrink-wrap fireworks. The sole issue before the Court is whether, under Indiana Code Section 6-2.5-5-3, North Central directly used its shrink-wrap machine in the direct production of other tangible personal property.

FACTS AND PROCEDURAL HISTORY
North Central is an Indiana corporation in Muncie that purchases fireworks in bulk from vendors outside the United States. North Central then arranges the fireworks into various "fireworks assortments" and places them into boxes. Afterwards, each individual box is shrink-wrapped to protect the fireworks from moisture and theft. The shrink-wrapped boxes of fireworks are then sold to fireworks retailers.
North Central purchased its shrink-wrap machine in 1994. After an audit in 1997 revealed that North Central had not paid sales tax on the purchase of the machine, the Department assessed North Central use tax[1] and penalties in the sum of $1,988.15. North Central paid the assessment and on April 24, 1999, requested a refund of $1,988.15 plus interest, which the Department denied on April 28, 1999.
On July 7, 1999, North Central initiated an original tax appeal. The parties filed cross-motions for summary judgment, and on October 19, 2000, the Court held one hearing on both motions. Additional facts will be supplied as needed.

ANALYSIS AND OPINION

Standard of Review
This Court hears appeals from denials of refunds by the Department de novo. IND.CODE § 6-8.1-9-1(d) (1998). Consequently, the Court is not bound by the evidence or the issues raised at the administrative level. Hall v. Indiana Dep't of State Revenue, 720 N.E.2d 1287, 1289 (Ind. Tax Ct.1999).
*200 A motion for summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Cross-motions for summary judgment do not alter this standard. Salin Bancshares, Inc. v. Indiana Dep't of State Revenue, 744 N.E.2d 588, 591 (Ind. Tax Ct.2000).

Discussion
The sole issue is whether North Central is entitled to the exemption (known as the "equipment exemption") provided in Indiana Code Section 6-2.5-5-3(b). That statute states that "[t]ransactions involving manufacturing machinery, tools, and equipment are exempt from the state gross retail tax if the person acquiring that property acquires it for direct use in the direct production, manufacture, fabrication, assembly, extraction, mining, processing, refining, or finishing of other tangible personal property." IND.CODE § 6-2.5-5-3(b) (1998) (emphasis added). North Central contends that its shrink-wrap machine is exempt from use tax[2] because it was acquired for direct use in the direct production of its "fireworks assortments." The Department, on the other hand, argues that North Central is not entitled to the exemption because it does not produce other tangible personal property, but rather provides a packaging service.
When a taxpayer claims entitlement to a tax exemption, the taxpayer bears the burden of showing that the terms of the exemption are met. Mid-America Energy Resources, Inc. v. Indiana Dep't of State Revenue, 681 N.E.2d 259, 261 (Ind. Tax Ct.1997), review denied. This Court strictly construes an exemption against the taxpayer, although the Court will not read it so narrowly as to defeat its application to cases rightly within its ambit. Id.; Rotation Prod. Corp. v. Dep't of State Revenue, 690 N.E.2d 795, 798 (Ind. Tax Ct.1998).
To qualify for the equipment exemption, North Central must show, in part, that it is engaged in the direct production or manufacture of other tangible personal property. See Gen. Motors Corp. v. Indiana Dep't of State Revenue, 578 N.E.2d 399, 401 (Ind. Tax Ct.1991), aff'd. If it satisfies this element, North Central must then show that the equipment for which it seeks an exemption is directly used in the production of the tangible personal property. See id.
Although "[t]here are innumerable ways to produce other tangible personal property, [Indiana Code Section 6-2.5-5-3] cannot be expected to give a precise answer to each factual situation that arises." Rotation Prod., 690 N.E.2d at 798. Nevertheless, the Department's rules make clear that production must entail a "substantial" change or transformation that "places tangible personal property in a form, composition, or character different from that in which it was acquired." IND. ADMIN. CODE tit. 45, r. 2.2-5-8(k) (2001). Moreover, production must increase the number of "scarce economic goods," i.e., it must create a new, marketable product. Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue, 605 N.E.2d 1222, 1226 (Ind. Tax Ct.1992) (quoting Borden Co. v. Borella, 325 U.S. 679, 65 S.Ct. 1223, 89 L.Ed. 1865 (1945)).
North Central argues that by placing fireworks into boxes, it is placing "tangible personal property in a composition and character substantially different from that in which it [was] received," because "it ... give[s] the various fireworks new combinations *201 different from [the] imported individualized fireworks items" and "produce[s] fireworks assortments that are distinct from other fireworks assortments." (Pet'r Br. at 8, 10.) North Central also argues that placing different labels and trademarks on the boxes constitutes the production of fireworks assortments because it "produc[es] a different product having a distinctive name and character."[3] (Pet'r Br. at 9.) Thus, North Central contends that it is entitled to the equipment exemption because shrink-wrapping is an integral part of this "production process." (Pet'r Br. at 10.)
North Central relies on General Motors to support its reasoning. In General Motors, this Court reversed the Department's determination that packing materials used to protect manufactured automobile parts were not exempt from sales tax. Gen. Motors, 578 N.E.2d at 402. In that case, however, the taxpayer created the items that it packed, which were later used to build new automobiles. Id. at 402-3. Accordingly, the Court found that the packing material was an essential and integral part of the production process that resulted in the creation of other tangible personal propertynew automobiles. Id. at 403. In this case, however, North Central does not create the fireworks that it packages; thus, its reliance on General Motors is misplaced.
Instead, the facts in this case are analogous to the facts in Faris Mailing, Inc. v. Indiana Dep't of State Revenue, 512 N.E.2d 480 (Ind. Tax Ct.1987). In Faris Mailing, the Court affirmed the Department's determination that a taxpayer who packed and assembled items for mailing was not entitled to the equipment exemption. In that case, the taxpayer characterized its end product as an "assemblage of the package," which consisted of items the taxpayer's customers wished to mail. Faris Mailing, 512 N.E.2d at 483 (internal quotation marks omitted). The process of "assemblage" included sorting the items into packages for customers, labeling the packages, and bundling the packages according to postal regulations. Id.
North Central contends that by sorting, labeling, and packing its fireworks according to various local ordinances, it produces a new, marketable good. Nevertheless, in Faris Mailing this Court held that merely assembling items into a package could not "reasonably be assumed to transform the... package into a new product." Id. Moreover, this Court has indicated that "mere packaging" does not constitute production where the items being packaged by the taxpayer have not themselves been fashioned into new, marketable goods. Indianapolis Fruit Co. v. Dep't of State Revenue, 691 N.E.2d 1379, 1386 (Ind. Tax Ct.1998). Cf. Gen. Motors, 578 N.E.2d at 402.
North Central does not create a new, marketable product; it merely packages existing fireworks into boxes, then labels and shrink-wraps them. This is not the sort of substantial change or transformation that places the fireworks "in a form, composition, or character different from that in which [they were] acquired." 45 IAC 2.2-5-8(k). See also Indianapolis Fruit, 691 N.E.2d at 1386; Mechanics Laundry & Supply, Inc. v. Indiana Dep't of State Revenue, 650 N.E.2d 1223, 1229 (Ind. Tax Ct.1995) (holding that producing a good is not merely perpetuating already existing goods); Harlan Sprague Dawley, *202 605 N.E.2d at 1229; Faris Mailing, 512 N.E.2d at 483. Nor does North Central's process increase the number of "scarce economic goods," see Harlan Sprague Dawley, 605 N.E.2d at 1225, because the same number of fireworks are sold regardless of the way they are packaged. Consequently, North Central's activities do not constitute the direct production or manufacture of other tangible personal property. See 45 IAC 2.2-5-8(k); Indianapolis Fruit, 691 N.E.2d at 1386; Mechanics Laundry, 650 N.E.2d at 1229; Harlan Sprague Dawley, 605 N.E.2d at 1229; Faris Mailing, 512 N.E.2d at 483. Because North Central's activities do not constitute the direct production or manufacture of other tangible personal property, it is not entitled to the exemption as provided in Indiana Code Section 6-2.2-3-5. See General Motors, 578 N.E.2d at 401.

CONCLUSION
For the reasons stated, the Court DENIES North Central's motion for summary judgment and GRANTS the Department's motion for summary judgment.
NOTES
[1] Indiana imposes sales tax "on retail transactions made in Indiana." IND.CODE § 6-2.5-2-1(a) (1998). Under Article 2.5 of the tax code, Indiana also imposes a use taxwhich is the functional equivalent of sales taxon the acquisition of certain non-exempt tangible personal property that escapes sales tax, usually because the property was acquired in a transaction that occurred outside of Indiana and sales tax was not imposed. See Rhoade v. Indiana Dep't of State Revenue, 774 N.E.2d 1044, 1047-48 (Ind. Tax Ct.2002).
[2] Exemptions from the sales tax are made applicable to the use tax by Indiana Code Section 6-2.5-3-4(a)(2). IND.CODE § 6-2.5-3-4(a)(2) (1998).
[3] The ordinances regulating the labeling and packaging of fireworks differ from jurisdiction to jurisdiction. Because North Central sells fireworks assortments to fireworks retailers in various jurisdictions, it affixes labels, trademarks, and bar codes to the assortments according to local ordinance in each jurisdiction.